IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenda R. Couram, | ) | C/A No. 3:15-4870-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Motor Vehicles *(SCDMV)*; Shirley Rivers, *in her official and individual capacity*; Lula N. Davis, *in her official and individual capacity*; Constance "Connie" Rhett, *in her official and individual capacity*; Marcia Adams, *in her official and individual capacity*; Dorothy Blankenship, *in her official and individual capacity*; Tosha Autry, *in their official and individual capacities*; Richardson Plowden Attorneys at Law; Eugene H. Matthews, Esq., *in his individual and official capacity*; SC Office of Disciplinary Counsel; Lesley M. Coggiola, *in their individual and official capacity*; John Doe, *in their individual and official capacity*; Steven W. Lake, *in his official and individual capacity*; Judge James R. Barber, III, *Court of Common Pleas of Richland County Circuit Court - District 5, in his individual and official capacity*; Judge L. Casey Manning, *Court of Common Pleas of Richland County Circuit Court - District 5, in his individual and official capacity*; Judge H. Bruce Williams, *(2) SC Court of Appeals, in his individual and official capacity*; Judge John D. Gathers, *SC Court of Appeals, in his individual and official capacity*; Judge Stephanie P. McDonald, *SC Court of Appeals in her individual and official capacity*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

*PJG*

This matter is before the court on the motion of the plaintiff, Glenda R. Couram, to recuse the assigned magistrate judge. (ECF No. 12.) The defendants filed a response in opposition. (ECF No. 13.) Finding no basis for recusal, the court denies Couram's motion.

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1]  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).  For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).  The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious."  In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted).  The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety.  DeTemple, 162 F.3d at 287.  Recusal decisions under

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.



§ 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cty., 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

Here, Couram requests that the assigned magistrate judge be recused due to her "apparent dislike" of Couram as a *pro se* litigant.[2] (ECF No. 12.) She also appears to complain that the assigned magistrate judge made recommendations that were unfavorable to Couram to the assigned

---

[2] The court of course has no actual personal prejudice against Couram or against *pro se* litigants generally, and Couram has presented no reasonable basis to question the court's impartiality in this regard. See 28 U.S.C. § 455(b) (mandating disqualification when a judge has a personal bias or prejudice concerning a party) and § 455(a) (mandating disqualification when a judge's impartiality might reasonably be questioned).

Page 3 of 4



district judges in a previous case. (Id. at 1-2.)  Couram also asserts that the assigned magistrate judge should be recused because of bias and prejudice. (Id. at 3.)

Couram points to no extrajudicial source of bias or prejudice, relying exclusively on unfavorable past rulings. As stated above, mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal. Accordingly, it is

**ORDERED** that the plaintiff's motion to recuse is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 7, 2016
Columbia, South Carolina