IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenda R. Couram, | ) | C/A No. 3:15-4870-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of Motor Vehicles | ) | **ORDER AND** |
| *(SCDMV)*; Shirley Rivers, *in her official and* | ) | **REPORT AND RECOMMENDATION** |
| *individual capacity*; Lula N. Davis, *in her* | ) | |
| *official and individual capacity*; Constance | ) | |
| "Connie" Rhett, *in her official and individual* | ) | |
| *capacity*; Marcia Adams, *in her official and* | ) | |
| *individual capacity*; Dorothy Blankenship, *in* | ) | |
| *her official and individual capacity*; Tosha | ) | |
| Autry, *in their official and individual* | ) | |
| *capacities*; Richardson Plowden Attorneys at | ) | |
| Law; Eugene H. Matthews, Esq., *in his* | ) | |
| *individual and official capacity*; SC Office of | ) | |
| Disciplinary Counsel; Lesley M. Coggiola, *in* | ) | |
| *their individual and official capacity*; John | ) | |
| Doe, *in their individual and official capacity*; | ) | |
| Steven W. Lake, *in his official and individual* | ) | |
| *capacity*; Judge James R. Barber, III, *Court of* | ) | |
| *Common Pleas of Richland County Circuit* | ) | |
| *Court - District 5, in his individual and official* | ) | |
| *capacity*; Judge L. Casey Manning, *Court of* | ) | |
| *Common Pleas of Richland County Circuit* | ) | |
| *Court - District 5, in his individual and official* | ) | |
| *capacity*; Judge H. Bruce Williams, *(2) SC* | ) | |
| *Court of Appeals, in his individual and official* | ) | |
| *capacity*; Judge John D. Gathers, *SC Court of* | ) | |
| *Appeals, in his individual and official capacity*; | ) | |
| Judge Stephanie P. McDonald, *SC Court of* | ) | |
| *Appeals in her individual and official capacity*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Glenda R. Couram, a self-represented litigant, filed a Complaint in the Richland County Court of Common Pleas raising state law claims as well as asserting a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for judgment on the pleadings and/or motion to dismiss. (ECF No. 8.) Couram filed an untimely response in opposition (ECF No. 33),[1] and the defendants replied (ECF No. 34). Couram also filed a motion to remand in which she objects to the defendants' removal of this action (ECF No. 19), and a motion to amend her complaint (ECF No. 20).[2] The defendants filed a response in opposition to both motions (ECF No. 25), and Couram replied (ECF No. 28). Having reviewed the parties' submissions, the court finds that the defendants' motion should be granted and Couram's motions denied.

## BACKGROUND

By way of background, this removal constitutes Couram's third appearance in this court on matters stemming from discrimination she allegedly experienced while employed at the South Carolina Department of Motor Vehicles ("SCDMV"). Couram's initial federal lawsuit alleged

---

[1] Couram argues that "[b]ecause [the defendants' motion] was a non responsive pleading the pro [se] plaintiff did not respond to the Motion to Dismiss or Ros[e]boro Order instead she amended her complaint." (Pl.'s Resp. in Opp'n, ECF No. 33.)

[2] The court notes that although Couram caption her pleading as "Pro Se Plaintiff's Amended Verified Complaint," Couram's filing was received on January 6, 2016 and docketed by the Clerk of Court as a motion to amend her complaint, as the time in which she could have amended as a matter of course had expired. See Fed. R. Civ. P. 15(a)(1)(B) (stating that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)"). Accordingly, to the extent Couram seeks that the defendants be held in default for their failure to answer her amended complaint, such relief should be denied.



claims pursuant to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Equal Pay Act, and state law claims for conspiracy and intentional infliction of emotional distress. See Couram v. SCDMV, C/A No. 3:10-01-MBS (hereinafter "Couram I"). The Honorable Matthew J. Perry, Jr., Senior United States District Judge, granted summary judgment to the defendants on the claims in Couram I based on federal law and dismissed without prejudice Couram's state law claims pursuant to 28 U.S.C. § 1367(c). Couram appealed the decision to the United States Court of Appeals for the Fourth Circuit, which dismissed her appeal on August 30 , 2011.

Couram filed a second complaint in state court re-alleging federal claims in addition to state law causes of action. The defendants removed the case. See Couram v. Davis, C/A No. 3:11-3200-MBS (hereinafter "Couram II"). After Couram amended her complaint to delete her federal causes of action, the Honorable Margaret B. Seymour, Chief United States District Judge, issued an order declining to exercise supplemental jurisdiction over the state law claims and remanding Couram II to state court. The state court granted the defendants' motion to dismiss the remaining claims in Couram II, and Couram appealed to the South Carolina Court of Appeals. The Court of Appeals issued a decision on February 4, 2015 affirming the decision of the circuit court. Couram v. Davis, Op. No. 2015-UP-65 (S.C. Ct. App. Feb. 4, 2015). Couram's petition for rehearing was subsequently denied, and she filed a petition for a writ of certiorari with the South Carolina Supreme Court on July 22, 2015. As of the date of this Report and Recommendation, it appears that Couram's petition is still pending.

Couram's instant Complaint combines allegations raised in Couram I and Couram II with additional allegations stemming from the litigation of her previous cases. The defendants in Couram's current case can be categorized as follows:

Page 3 of 17



- The "SCDMV Defendants" comprised of the South Carolina Department of Motor Vehicles ("SCDMV") and individual defendants Shirley Rivers, Lula N. Davis, Constance "Connie" Rhett, Marcia Adams, Dorothy Blankenship, Tosha Autry, and Steven W. Lake, all in their official and individual capacities. Many of these defendants were parties in <u>Couram I</u>, and all of these defendants were or are parties in <u>Couram II</u>.

- The "Richardson Plowden Defendants" to consist of attorney Eugene H. Matthews, Esquire, and his law firm Richardson Plowden Attorneys at Law, who represented the SCDMV Defendants in <u>Couram I</u> and <u>Couram II</u> and who continue to represent the SCDMV Defendants in the current litigation.

- The "ODC Defendants" to consist of the South Carolina Office of Disciplinary Counsel ("ODC") and attorneys Lesley M. Coggiola and John Doe in their individual and official capacities. In her proposed amended complaint, Couram identifies the John Doe attorney as a Mr. Green(e). The claims against these defendants appear to stem from a disciplinary complaint Couram filed with the ODC to allege misconduct on the part of some or all of the Richardson Plowden Defendants and the Judicial Defendants described below.

- The "Judicial Defendants" comprised of two state circuit court judges—the Honorable James R. Barber, III, and the Honorable L. Casey Manning—and three state court judges of the South Carolina Court of Appeals—the Honorable H. Bruce Williams, the Honorable John D. Gathers,[3] and the Honorable Stephanie P. McDonald.

Couram alleges the following causes of action "as applicable" against the named defendants: extrinsic fraud upon the court, denial of due process and equal protection (First and Fourteenth Amendments) pursuant to 42 U.S.C. § 1983 and state law, state law civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, and gross negligence. (ECF No. 1-1.)

---

[3] The correct spelling of this defendant's last name is "Geathers."

Page 4 of 17



## DISCUSSION

**A.    Couram's Motion to Remand**

    **1.    Removal Generally**

A removing party has the burden to establish the existence of federal jurisdiction. <u>Mulcahey v. Columbia Organic Chem. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994) (citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921)).  The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand.  <u>See</u> <u>Palisades Collections LLC v. Shorts</u>, 552 F.3d 327, 333-34, 336 (4th Cir. 2008).  For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim.  <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936).  It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint.  <u>Harless v. CSX Hotels, Inc.</u>, 389 F.3d 444 (4th Cir. 2004) (citing <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004)); <u>see also</u> <u>King v. Marriott Int'l, Inc.</u>, 337 F.3d 421 (4th Cir. 2003).  Only actions that could have been originally filed in federal court may be removed from state court.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law.  <u>Id.</u>

Substantive issues regarding the merits of a claim should generally not be decided in determining the propriety of removal.  14B Charles Alan Wright et al., <u>Federal Practice & Procedure</u> § 3721 at 58 (4th ed. 2009).  Thus, whether the defendants have a meritorious defense to a plaintiff's federal claims is not a consideration in determining whether the case must be remanded.  <u>See</u> <u>Holt</u>



v. Tonawanda Coke Corp., 802 F. Supp. 866, 868 (W.D.N.Y. 1991).  "A motion to remand . . .

decides only the question of whether there is a proper basis for federal jurisdiction to support

removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's

defenses or counterclaims."  Id.

    **2.**      **Couram's Arguments[4]**

       In her motion, Couram objects to the removal of her case and argues that the claims presented

are "State dominant" and should be heard in state court—"the forum of [Couram's] choosing as the

master of her complaint."  (Pl.'s Mot. to Remand, ECF No. 19 at 1-2.)  Although she appears to

acknowledge that her Complaint (and proposed amended complaint) raises federal claims (see id.

at 2), she argues that any federal claims can be heard in state court "by application of the supremacy

laws," as her state law claims are "predominate."  (Id.)

       Review of Couram's Complaint and proposed amended complaint clearly indicates that she

is pursuing claims arising under federal law.  (See Compl. ¶¶ 72-79, ECF No. 1-1; Proposed Am.

Compl. ¶¶ 10, 153-61, ECF No. 20.)  Moreover, her argument that a state court can decide her

federal claims acknowledges that federal claims are raised in her pleadings.  In any event, the fact

that the state court may have concurrent jurisdiction over such claims does not preclude removal of

the instant case.  See 14B Wright et al., supra § 3721 at 20; 14C Wright et al., supra § 3728 at 368

("Concurrent subject-matter jurisdiction, shared by state and federal courts, does not imply that

removal is prohibited.").  Finally, even if Couram were attempting, post-removal, to excise any

---

[4] Although Couram appears to argue that the defendants' removal failed to comply with other procedural requirements, such as that all defendants did not indicate consent to the removal of this action, this contention is without merit for the reasons presented by the defendants.  (See Defs.' Opp'n Pl.'s Mot. to Remand, ECF No. 25 at 3-4.)



federal claim from her Complaint, many courts and scholars have concluded that a plaintiff cannot force a remand to state court by waiving her federal claims. See, e.g., Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48 (D. Mass. 1995); 14B Wright et al., supra § 3721 at 63-66 ("[A] plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims.").

Of course, should Couram's federal claims be dismissed for any reason, the court may exercise its *discretion* to decline to exercise supplemental jurisdiction over Couram's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal). In fact, Couram appears to seek such a discretionary remand as an alternative basis for her motion. However, for the reasons discussed below, all of Couram's claims are plainly subject to dismissal and, accordingly, Couram's motion to remand should be denied.

**B.   Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings**

**1.   Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.



Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed.  A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law.  Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993).  In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6).  Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).  However, the court may also consider the defendants' answers.  See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

The court observes that it is required to liberally construe pro se complaints.  Erickson, 551 U.S. at 94.  Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented,



Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for her,

Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented"

to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### 2.    Judicial Defendants

Couram sues the Judicial Defendants for judicial actions allegedly taken during her state civil

proceedings, as well as for judicial actions allegedly taken during the appeal proceedings of her civil

case.  It is well-settled that judges have absolute immunity from a claim for damages arising out of

their judicial actions.  Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th

Cir. 1985).  Judges are also protected from claims for injunctive relief as § 309(c) of the Federal

Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar

injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial

capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42

U.S.C. § 1983.  In determining whether a judge is immune, inquiry must be made into whether, at

the time the challenged action was taken, the judge had jurisdiction over the subject matter.  Stump

v. Sparkman, 435 U.S. 349, 356 (1978).  Unless it can be shown that a judge acted in the "clear

absence of all jurisdiction," judicial immunity is not pierced by allegations of corruption or bad faith,

nor will a judge "be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority."  Id. at 356-57.  Here, it is clear from the face of the

Complaint that, although Couram disagrees with the judges' decisions and believes that their rulings

were unfair, the judges clearly exercised appropriate subject matter jurisdiction over Couram's

claims in state court.  Because judicial immunity is a protection from suit, not just from ultimate

assessment of damages, Mireless, 502 U.S. at 11, the Judicial Defendants in this action are



absolutely immune from Couram's claims associated with their judicial rulings in state civil proceedings. As such, any claims against the Judicial Defendants should be dismissed. See Evans v. Allbrooks, No. 89-7061, 1989 WL 100776 (4th Cir. Aug. 28, 1989) (affirming the district court's dismissal of a complaint against judges as "wholly frivolous"); see also Edokobi v. Motz, C/A No. DKC-13-3378, 2013 WL 6713290, at *2 (D. Md. Dec. 18, 2013) (finding that the doctrine of absolute judicial immunity compelled dismissal of the case under the court's inherent authority to ensure that a case is not frivolous).

### 3. ODC Defendants

Couram sues the ODC Defendants for actions allegedly taken in response to her filing disciplinary complaints against attorney defendants and judicial defendants. As stated in Rule 5 of the South Carolina Rules for Lawyer Disciplinary Enforcement, the Office of Disciplinary Counsel was created and empowered as an arm of the South Carolina Supreme Court to

> receive and screen complaints, dismiss complaints, issue letters of caution, refer complaints to other agencies when appropriate, conduct investigations, notify complainants about the status and disposition of their complaints, make recommendations to an investigative panel on the disposition of complaints after investigation, file formal charges when directed to do so by an investigative panel, prosecute formal charges, and file briefs and other appropriate petitions with the Supreme Court.

Rule 413, SCACR. "There is no federal right to pursue an attorney grievance complaint against an attorney licensed [] to practice law [in] the State of South Carolina," and "[a] complainant's federal and state rights of speech, due process, and equal protection are not implicated by the actions of the [ODC] in conducting its investigation and disposition of a complainant's allegations against a lawyer in any complaint filed with the [ODC]." Whitner v. Coggiola, C/A No. 3:12-1876-CMC-JDA, 2012 WL 4051121 (D.S.C. Aug. 21, 2012) (Report & Recommendation adopted by 2012 WL 4051185



(D.S.C. Sept. 13, 2012)).  Moreover, pursuant to Rule 13 of the South Carolina Rules for Lawyer

Disciplinary Enforcement, Couram's § 1983 claims are barred as the ODC Defendants are absolutely

immune from civil suit for all conduct in the course of their official duties.  Rule 413, SCACR.  The

immunity granted pursuant to Rule 13 is consistent with that of § 1983 prosecutorial immunity for

officials who hold positions and perform duties similar to those of the ODC Defendants.  See

Briscoe v. LaHue, 460 U.S. 325, 335 (1983).  As courts have viewed bar disciplinary proceedings

as judicial in nature, see, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 479

(1983); Hunter v. Virginia State Bar, 786 F. Supp. 2d 1107, 1113 (E.D.Va. 2011), they have

extended prosecutorial immunity to prosecutorial disciplinary counsel or bar counsel.  See Pak v.

Ridgell, 476 F. App'x 750 (4th Cir. 2012) (finding bar counsel immune from suit for her

participation in an attorney's disciplinary proceedings); Stein v. Disciplinary Bd., 520 F.3d 1183,

1193 (10th Cir. 2008) (recognizing that absolute prosecutorial immunity extended to bar officials

charged with duties involving attorney discipline); Hirsh v. Justices of the Supreme Court of the

State of Cal., 67 F.3d 708, 715 (9th Cir. 1995) (granting bar officials absolute quasi-judicial

immunity for their role in the attorney disciplinary system).  Accordingly, any claims against the

ODC Defendants should be dismissed.

### 4.    Richardson Plowden Defendants

Defendant Matthews and his law firm are also immune from liability, as it is clear that any

claims against them stem from their actions within the scope of their representation of the SCDMV

Defendants.  In South Carolina,

> "Generally, an attorney is immune from liability to third persons arising from the
> performance of his professional activities as an attorney on behalf of and with the
> knowledge of his client." Pye v. Estate of Fox, 633 S.E.2d 505, 509 (S.C. 2006)



(quoting <u>Gaar v. N. Myrtle Beach Realty Co., Inc.</u>, 339 S.E.2d 887, 889 (S.C. Ct. App. 1986)).  Further, an attorney owes no duty to a non-client unless he "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." <u>Stiles v. Onorato</u>, 457 S.E.2d 601, 602 (S.C. 1995).

<u>Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions</u>, 697 S.E.2d 551, 554 (S.C. 2010).

It is not in dispute that Couram has never had an attorney-client relationship with the Richardson Plowden Defendants.  Rather, it is clear that the relationship between Couram and the Richardson Plowden Defendants was and is currently that of adversaries in the legal process, and the allegations in her Complaint against the Richardson Plowden Defendants relate to their alleged actions in prior and current civil lawsuits.  In fact, Couram's Complaint acknowledges that Defendant Matthews and his firm represented and acted on behalf of the SCDMV Defendants.  Thus, there are no allegations that the Richardson Plowden Defendants acted outside of their role in representing the SCDMV Defendants, and they are accordingly entitled to immunity.

**5.    SCDMV Defendants**

The defendants argue that any claims against the SCDMV Defendants are subject to dismissal under the <u>Rooker-Feldman</u>[5] doctrine.  The <u>Rooker-Feldman</u> doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced.  <u>Lance v. Dennis</u>, 546 U.S. 459, 460 (2006); <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).  Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments.  <u>Lance</u>, 546 U.S. at 463; <u>Exxon</u>, 544 U.S.

---

[5] The name originates from two United States Supreme Court cases: <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).



at 283; see also 28 U.S.C. § 1257. In recent years the Supreme Court has emphasized the narrowness

of the doctrine. See Lance, 546 U.S. at 464 (listing examples of when the Rooker-Feldman doctrine

does not apply); see also Exxon, 544 U.S. at 284. Reacting to the Supreme Court's instruction in

such cases as Exxon, the United States Court of Appeals for the Fourth Circuit has rejected its prior

test for determining whether the Rooker-Feldman doctrine applies, which, in reliance on Feldman,

examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with

the claims presented to the state court that they could have been raised in the state proceedings.[6]

Davani v. Virginia Dep't of Transp., 434 F.3d 712, 716 (4th Cir. 2006). Post-Exxon, the Fourth

Circuit identifies the pertinent inquiry as whether the plaintiff's injury is *caused by* the state court

judgment itself. Id. at 718. Other courts have adopted a similar test. See, e.g., Kovacic v. Cuyahoga

County Dep't of Children & Family Servs., 606 F.3d 301, 309-310 (6th Cir. 2010); Hoblock v.

Albany County Bd. of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005); Galibois v. Fisher, 174 F. App'x

579, 580 (1st Cir. 2006); cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159,

166 (3d Cir. 2010) (identifying this inquiry as one of four elements that must be met for the Rooker-

Feldman doctrine to apply). Thus, after Exxon, the proper inquiry examines the source of the

plaintiff's injury: if the state court judgment caused the plaintiff's injury, the claim is barred, but a

claim alleging another source of injury is an independent claim.

---

[6] Courts have been warned not to confuse the Rooker-Feldman doctrine, which is jurisdictional, with the concept of claim preclusion, which is an affirmative defense. See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 717-18 (4th Cir. 2006) (observing that the Fourth Circuit's pre-Exxon interpretation of Rooker-Feldman essentially and improperly became a jurisdictional doctrine of *res judicata*); see also Lance, 546 U.S. at 466 ("The District Court erroneously conflated preclusion law with Rooker-Feldman. . . . Rooker-Feldman is not simply preclusion by another name.").



Post-Exxon cases applying the Rooker-Feldman doctrine provide some guidance as to the types of cases that are not jurisdictionally barred. A federal case that parallels one pending in state court, for example, is not barred by the Rooker-Feldman doctrine. See Exxon, 544 U.S. at 292. Nor is a federal case raising a claim arising under federal anti-discrimination laws barred by Rooker-Feldman simply because the plaintiff lost an administrative appeal against his state-agency employer in the state appellate courts. Davani, 434 F.3d at 719. Further, a facial challenge to a state statute or rule that seeks prospective relief regarding its application in a future case is not barred. See Skinner v. Switzer, 562 U.S. 521, 532-33 (2011) (concluding that subject matter jurisdiction existed because Skinner was not challenging the adverse decisions, but the constitutionality of the statute that was authoritatively construed).

It is unclear from Couram's initial Complaint what actions of the SCDMV Defendants, if any, she relies upon to support her claims against them. However, liberally construing Couram's initial Complaint, she appears to allege that she has been negatively impacted within the context of state court proceedings or by state court rulings; thus, the source of her injury for any claim against the SCDMV Defendants was caused by the state court judgments. A ruling in Couram's favor would require this court to interfere with, or possibly overrule or otherwise find invalid, various orders and rulings made in a state court. Under the Rooker-Feldman doctrine, this court lacks jurisdiction to review the judicial decisions rendered in Couram's state court action and grant Couram the relief she seeks. Accordingly, any claims against the SCDMV Defendants should be dismissed.

## C.    Couram's Motion to Amend/Correct Complaint

As noted above, Couram's attempt to amend her complaint as a matter of course was properly docketed by the Clerk of Court as a motion to amend. (ECF No. 20.) In her proposed amended



complaint, Couram appears to attempt to recategorize several of her claims. However, the claims presented in Couram's proposed amended complaint cannot overcome the defendants' immunities for the above-discussed reasons. Additionally, any claims against the SCDMV Defendants based on injury stemming from the state court decisions would still be barred by the Rooker-Feldman doctrine.

However, to the extent that Couram attempts to amend her state law civil conspiracy claim to add a federal conspiracy claim under § 1985 alleging that the defendants conspired to violate her right to due process and equal protection under the law, the Rooker-Feldman doctrine may not preclude this action. See Great W. Mining & Mineral Co., 615 F.3d at 166; Cormick v. Braverman, 451 F.3d 382, 392-93 (6th Cir. 2006). To state a conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102, (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). "Moreover, the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Additionally, an alleged § 1985 conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Id. at 1376-77; Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir.1985). Couram's proposed amended complaint fails to allege any concrete facts which would demonstrate that any SCDMV Defendants entered into an agreement to deprive Couram of her constitutional rights, and her conclusory statements are insufficient to plausibly assert a conspiracy claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); Simmons, 47 F.3d at 1377. Accordingly, Couram's proposed amended complaint is futile, and her motion to amend should be denied. See



Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986).

## ORDER AND RECOMMENDATION

Based on the foregoing, the court recommends that Couram's motion to remand be denied and the defendants' motion be granted.  Couram's motion to amend is denied as futile.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 12, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).