IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glenda R. Couram, | ) |
| | ) C/A No. 3:15-4870-MBS-PJG |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| South Carolina Department of Motor Vehicles *(SCDMV)*; Shirley Rivers, *in her official and individual capacity*; Lula N. Davis, *in her official and individual capacity*; Constance "Connie" Rhett, *in her official and individual capacity*; Marcia Adams, *in her official and individual capacity*; Dorothy Blankenship, *in her official and individual capacity*; Tosha Autry, *in their official and individual capacities*; Richardson Plowden Attorneys at Law; Eugene H. Matthews, Esq., *in his individual and official capacity*; SC Office of Disciplinary Counsel; Lesley M. Coggiola, *in their individual and official capacity*; John Doe, *in their individual and official capacity*; Steven W. Lake, *in his official and individual capacity*; Judge James R. Barber, III, *Court of Common Pleas of Richland County Circuit Court - District 5, in his individual and official capacity*; Judge L. Casey Manning, *Court of Common Pleas of Richland County Circuit Court - District 5, in his individual and official capacity*; Judge H. Bruce Williams, *(2) SC Court of Appeals, in his individual and official capacity*; Judge John D. Gathers, *SC Court of Appeals, in his individual and official capacity*; Judge Stephanie P. McDonald, *SC Court of Appeals in her individual and official capacity*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Glenda R. Couram ("Plaintiff"), proceeding *pro se*, brings this action alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983 and additional violations of state law. Plaintiff has named eighteen Defendants in this action, who can be grouped into the following categories:

- The "SCDMV Defendants" comprised of the South Carolina Department of Motor Vehicles ("SCDMV") and individual defendants Shirley Rivers, Lula N. Davis, Constance "Connie" Rhett, Marcia Adams, Dorothy Blankenship, Tosha Autry, and Steven W. Lake, all in their official and individual capacities. Many of these defendants were parties in Couram I,[1] and all of these defendants were parties in Couram II.[2]

- The "Richardson Plowden Defendants" consist of attorney Eugene H. Matthews, Esquire, and his law firm Richardson Plowden Attorneys at Law, who represented the SCDMV Defendants in *Couram I* and *Couram II* and who continue to represent the SCDMV Defendants in the current litigation.

- The "ODC Defendants" consist of the South Carolina Office of Disciplinary Counsel ("ODC") and attorneys Lesley M. Coggiola and John Doe in their individual and official capacities. In her proposed amended complaint, Couram identifies the John Doe attorney as a Mr. Green(e).

- The "Judicial Defendants" comprised of two state circuit court judges—the Honorable James R. Barber, III, and the Honorable L. Casey Manning—and three state court judges of the South Carolina Court of Appeals—the Honorable H. Bruce Williams, the Honorable John D. Gathers,[3] and the Honorable Stephanie P. McDonald.

This matter is before the court on two pending motions: Defendants' Motion for Judgment

---

[1] Plaintiff filed this first action, *Couram v. SCDMV*, C/A No. 3:10-01-MBS, on January 4, 2010. The case was dismissed and judgment was entered against Plaintiff on March 11, 2011.

[2] Plaintiff filed this second action in the Court of Common Pleas of Richland County on October 25, 2011. The case was removed to federal court on November 22, 2011, under the case name of *Couram v. SCDMV*, C/A No. 3:11-3200-MBS. The case was dismissed on August 21, 2012, but Plaintiff filed a petition for writ of certiorari with the South Carolina Supreme Court that is still pending as of the date of this Order.

[3] The court notes that the correct spelling of this defendant's last name is "Geathers."

2

on the Pleadings and/or Motion to Dismiss, and Plaintiff's Motion to Remand. ECF Nos. 8 and 19. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 12, 2016, recommending that Defendants' motion be granted and Plaintiff's remaining motion be dismissed. ECF No. 44. Plaintiff filed objections to the Report and Recommendation on June 2, 2016. ECF No. 47.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

## I.     AUTHORITY OF THE MAGISTRATE JUDGE AND RECUSAL

As a general matter, Plaintiff questions the authority of the Magistrate Judge and suggests that Plaintiff's complaint and briefs were not given a "real review." *See* ECF No. 47 at 4. Here again, the court reiterates that the Magistrate Judge is authorized to review certain matters pursuant to 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., and regardless of the recommendation of the Magistrate Judge, the court is conducting a *de novo* review of the issues.

Plaintiff also requests that the Magistrate Judge recuse herself.[4] ECF No. 47-1 at 12. Under 28 U.S.C. § 455, a magistrate judge should disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." The Fourth Circuit has held that the relevant inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). Plaintiff offers no evidence suggesting that the Magistrate Judge was impartial during any proceeding; on the contrary, Plaintiff only points out that the Magistrate Judge has repeatedly ruled against her. ECF No. 47-1 at 12.  The court finds that ruling against Plaintiff, absent additional evidence, is an insufficient basis for questing the Magistrate Judge's impartiality. Plaintiff's request for recusal is denied.

## II.     OBJECTIONS TO REPORT AND RECOMMENDATION

### A.     **Amended Complaint**

Plaintiff first objects to the Clerk of Court categorizing her "Pro Se Plaintiff's Amended Verified Complaint" (ECF No. 20), as a "Motion to Amend Complaint," and second, to the Magistrate Judge denying the motion. ECF No. 47-1 at 1-3.  According to the December 10, 2015, Scheduling Order, the deadline for filing motions to amend pleadings was on January 11, 2016. *See* ECF No. 5. Plaintiff filed her Amended Verified Complaint on January 6, 2016, which was within the stated deadline. From this "timely filing," Plaintiff argues that her amendment should have been granted "freely" and without the "court or defendant[s'] approval." ECF No. 47-1 at 2. Plaintiff relies on Fed. R. Civ. P. 15(a)(1), which allows a party to its amend its complaint as a matter of course so

---

[4] The court notes that Plaintiff previously filed a motion for recusal but was unsuccessful. *See* ECF No. 12. In denying Plaintiff's motion, the Magistrate Judge found that Plaintiff "rel[ied] exclusively on unfavorable past rulings" in arguing that  the Magistrate Judge had an "apparent dislike" for Plaintiff. See ECF No. 21.

4

long as the amendment is within twenty-one days of either (1) service of the pleading, (2) service of a responsive pleading, or (3) service of a Rule 12(b), (e), or (f) motion. However, according to the certificate of service, Defendants served Plaintiff with a Rule 12(b) motion on December 10, 2015. ECF No. 8-14. Therefore, Plaintiff needed to have filed her amended complaint before December 31, 2015, for the amendment to be a "matter of course."

Given that Plaintiff missed the deadline to amend her complaint as a matter of course, her January 6, 2016 Amended Verified Complaint required either the consent of Defendants or leave of the court. Because Plaintiff did not have the consent of Defendants, the Clerk of Court properly interpreted Plaintiff's Amended Verified Complaint as a motion requesting leave of the court to file an amended complaint.

Regardless of the characterization of Plaintiff's Amended Verified Complaint, the Magistrate Judge nevertheless considered its merits. ECF No. 44 at 14-61. The Magistrate Judge found that Plaintiff's new claims were (1) not significantly different from the claims raised in the original complaint, and (2) to the extent that there was a new claim of federal civil conspiracy, it would be barred because Plaintiff failed to show the requisite meeting of the minds under *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). For the foregoing reasons, the Magistrate Judge deemed Plaintiff's motion to amend as futile. "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir.2001). " Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The court agrees with the Magistrate Judge and finds that Plaintiff's proposed amendment

to be insufficient on its face. Plaintiff motion to amend or Amended Verified Complaint (ECF No. 20) is denied as futile.

### B.     Defendants' Motion for Judgment on Pleadings and/or Motion to Dismiss

#### 1.     Judicial Defendants

Plaintiff objects to the Magistrate Judge's recommendation that all claims against the Judicial Defendants be dismissed. ECF 47-1 at 19. The Magistrate Judge offers this recommendation based on the concept of judicial immunity. Judicial immunity is the principle that judges are absolutely immune from a claim for damages arising out of the judge's judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Additionally, judges are protected from claims for injunctive relief. *See* 42 U.S.C. § 1983 ("[E]xcept that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). In sum, judges are immune from suit, and that immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The claims Plaintiff asserts against the Judicial Defendants all appear to arise from judicial actions. Therefore, the Magistrate Judge properly concluded that the Judicial Defendants were immune from suit.

#### 2.     Office of Disciplinary Counsel Defendants

Plaintiff generally objects to the Magistrate Judge's recommendation that the claims against the ODC Defendants be dismissed from this action. ECF No. 47. The South Carolina Office of Disciplinary Counsel is a organization of attorneys appointed by the South Carolina Supreme Court and authorized to review complaints and disciplinary matters. Rule 5, S.C. App. Ct. R. 413. Plaintiff brings this action against the ODC and several of its members. However, members of the ODC are

"absolutely immune from civil suit for all conduct in the course of their official duties." Rule 13, S.C. App. Ct. R. 413. Plaintiff makes no assertion that the ODC Defendants acted beyond the course of their official duties. The court therefore finds that the ODC Defendants are immune from liability and agrees with the Magistrate Judge's recommendation that the claims against these Defendants be dismissed.

### 3.      Richardson Plowden  Defendants

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Richardson Plowden Defendants are immune from liability. ECF No. 47-1 at 7. The Richardson Plowden Defendants are the attorneys who previously opposed and prevailed against Plaintiff in *Couram I* and *Couram II*. Plaintiff seems to argue that the Richardson Plowden Defendants should not be granted immunity because they engaged in a criminal conspiracy. Relying on *State v. Crawford*, 608 S.E.2d 886, 891 (S.C. Ct. App. 2005), which describes the crime of conspiracy, Plaintiff charges that the Richardson Plowden Defendants "used [their] power to facilitate a ruling in [their] favor by misleading and fraudulently misleading four courts . . . ." ECF No. 47-1 at 6.

Despite these allegations of criminal conspiracy, the Magistrate Judge nevertheless determined that the Richardson Plowden Defendants were immune from liability. Plaintiff is not a client of the Richardson Plowden Defendants, so Plaintiff bears only a third-party relationship to the Richardson Plowden Defendants. "[A]n attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Pye v. Estate of Fox*, 633 S.E.2d 505, 509 (S.C. 2006) (internal quotations omitted). While South Carolina has recognized an exception to this general statement of immunity, Plaintiff has not stated grounds under which this court should recognize such an exception. *But see*

7

*Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) (finding an attorney may be liable for conspiracy when an independent duty to a third person has been established). The court agrees with the Magistrate Judge's recommendation to dismiss claims against the Richardson Plowden Defendants.

        4.        <u>South Carolina Department of Motor Vehicle Defendants</u>

The SCDMV Defendants are the only remaining Defendants that the Magistrate Judge did not find to be immune from liability. In analyzing the claims against these Defendants, the Magistrate Judge concluded that the claims should be dismissed under the *Rooker-Feldman* doctrine. ECF No. 44 at 12-16. The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and stands for the premise that lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. Plaintiff objects to the application of the *Rooker-Feldman* doctrine as grounds for dismissal.

In determining whether to apply the *Rooker-Feldman* doctrine, the Fourth Circuit has asked whether the injury asserted by the plaintiff in lower federal court is caused by the state court judgment. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (finding *Rooker-Feldman* doctrine to be inapplicable because plaintiff did not allege that a state decision had caused him injury). In Plaintiff's first cause of action, she alleges that Defendants "under color of state law prevented the administration of justice [such that] the judicial machinery did not work . . . ." ECF No. 1-1 at 21. Plaintiff further states that Defendants "deprived [Plaintiff] of a right to be heard on the claims that [were] before the court." *Id.* at 24. The court interprets these references to judicial machinery and claims before the court as direct references to previous state court decisions

8

in *Couram I* and *Couram II*.

Plaintiff's second cause of action alleges violations of due process and equal protection under the South Carolina and the United States Constitutions. Plaintiff claims that her constitutional "right to the legal system" was violated when the "courts discriminated against her due to pro se status." ECF No. 1-1 at 25. It is unclear how this charge may apply to the SCDMV Defendants; but nevertheless, Plaintiff appears to once again reference injuries suffered as a result of previous legal proceedings.

Plaintiff's third cause of action is civil conspiracy. Plaintiff charges that the Defendants "instigated a situation that put [Plaintiff] in violation of policy at the final stage of termination in less than two months." *Id.* at 27. This claim of civil conspiracy appears to be independent from any previous court action. However, Plaintiff then states that she incurred "legal fees" and "costs as a result of defendants' conduct." *Id.* From this coupling of Defendants' conduct and Plaintiff's legal fees and costs, the court concludes that Plaintiff's alleged damages are a result of the judgments of *Couram I* and *Couram II*.

Plaintiff's fourth cause of action includes both intentional infliction of emotional distress and negligent infliction of emotional distress. Plaintiff provides no specifics in this cause of action, but instead generally sets forth the elements of each claim. *Id.* at 28. With no further detail or specifics regarding the actions of the SCDMV Defendants, the court concludes that Plaintiff is again expressing her general dissatisfaction with the judicial process as it unfolded during *Couram I* and *Couram II*.

Plaintiff's fifth cause of action is gross negligence.[5] Here Plaintiff includes specific

---

[5] Plaintiff's labels this cause of action as her "ninth cause of action." ECF No. 1-1 at 28.

9

references to adverse actions the SCDMV took against her while on the job. *Id.* at 29. There is no reference to legal actions or resulting legal costs. Therefore, the court concludes that Plaintiff's gross negligence charge is independent of the decisions in *Couram I* and *Couram II*.

Considering the foregoing, the court finds that the *Rooker-Feldman* doctrine is applicable to Plaintiff's first four causes of action. Plaintiff's injuries were caused by state court judgments in *Couram I* and *Couram II*; and in order for the court to hear these claims and remedy these alleged injuries, the court would need to exercise appellate jurisdiction over *Couram I* and *Couram II*. The court is precluded from exercising such appellate jurisdiction. Therefore, with the exception of gross negligence, the court lacks jurisdiction over Plaintiff's remaining claims against the SCDMV Defendants.

The court must now consider whether to exercise supplemental jurisdiction over Plaintiff's gross negligence claim. A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all other claims over which it had original jurisdiction. 28 U.S.C. § 1367(c). Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's gross negligence cause of action. In summary, the court either lacks jurisdiction or declines to exercise supplemental jurisdiction over all of Plaintiff's claims against the SCDMV Defendants.

### III.    PLAINTIFF'S MOTION TO REMAND

Remand is appropriate for Plaintiff's claims against the SCDMV Defendants. As discussed above, all other Defendants are immune from suit. However, the Magistrate Judge concluded that the claims against the SCDMV Defendants should be dismissed under the *Rooker-Feldman* doctrine rather than remanded. The court disagrees with this recommendation.

Generally, once a court has deemed the *Rooker-Feldman* doctrine to be applicable, the

affected claims are dismissed. *See Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (affirming district court's order of dismissal upon finding that district court lacked jurisdiction under *Rooker-Feldman*). However, when a case has been removed from state court to district court, *Rooker-Feldman* dictates a remand for lack of subject matter jurisdiction rather than a dismissal. *See e.g., Murray v. Midland Funding, LLC*, C/A No. 15-0532- JKB, 2015 WL 3874635, at *6 (D. Md. June 23, 2015)*; Spencer v. Suntrust Mortgage, Inc.*, C/A No. 1:15-37, 2015 WL 5774657, at *7 (M.D.N.C. Sept. 30, 2015); *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 46 (1st Cir. 2003) (holding district court could not dismiss a removal case on the basis of the *Rooker-Feldman* doctrine but must instead remand). Plaintiff's case was originally filed in the Court of Common Pleas of Richland County on November 20, 2015 (ECF No. 1-1), and was removed to this court on December 9, 2015. Given that this action has been removed and the court lacks subject matter jurisdiction on the remaining causes of action, remand is appropriate.

**IV.     MISCELLANEOUS OBSERVATIONS**

Finally, Plaintiff makes a number of observations rather than specific objections. First, she suggests that the Magistrate Judge unfairly denied Plaintiff's motion to compel (ECF No. 37), filed on April 22, 2016. ECF No. 47 at 3. Second, Plaintiff suggests that the Richardson Plowden Defendants submitted untrue information in violation of Fed. R. Civ. P. 11 during *Couram I*. ECF No. 47-1 at 8. The court has considered these observations and determined them to be without merit. The subject of Plaintiff's motion to compel were discovery requests; the Magistrate Judge properly found that these discovery requests were served outside of the time set forth in December 10, 2015, Scheduling Order. As for Plaintiff's suggestion of a Rule 11 violation, the alleged conduct is not within the court's purview as it occurred during some other litigation not currently pending before

the court.

## V.     CONCLUSION

Based upon the foregoing, the court partially adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. Defendants' Motion (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART.** All claims asserted against the Judicial Defendants, the ODC Defendants, and the Richardson Plowden Defendants are dismissed. Plaintiff's Motion to Remand (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART**, and the claims asserted against the SCDMV Defendants will be remanded to state court. Plaintiff's motion to amend or Amended Verified Complaint (ECF No. 20) is **DENIED** as futile.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Court Judge

Columbia, South Carolina
August 9, 2016